## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARRAY BIOPHARMA INC.,**<br>    a Delaware corporation<br>3200 Walnut Street<br>Boulder, CO 80301,<br><br>          Plaintiff,<br><br>      v.<br><br>**HON. JOHN J. DOLL,**<br>    in his official capacity as<br>    Acting Under Secretary of Commerce for<br>    Intellectual Property and Acting Director of the<br>    United States Patent and Trademark Office<br>Office of General Counsel<br>United States Patent and Trademark Office<br>P.O. Box 15667<br>Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street<br>Alexandria, VA 22314,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. _____ |

## COMPLAINT

Plaintiff Array BioPharma Inc. ("Array BioPharma") for its complaint against the

Honorable John J. Doll, states and alleges the following:

## NATURE OF THE ACTION

1.      This is an action by the assignee of United States Patent No. 7,425,637 ("the '637

patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), modifying the patent term

adjustment for the '637 patent from 382 days to 395 days on the ground that defendant's calculation of the patent term adjustment was erroneous.

2.      This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3.      Plaintiff Array BioPharma Inc. ("Array BioPharma") is a corporation organized under the laws of Delaware, having its principal place of business at 3200 Walnut Street, Boulder, Colorado, 80301.  Array BioPharma is the assignee of the '637 patent, as evidenced by records in the United States Patent and Trademark Office ("PTO").

4.      Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the PTO.  Defendant is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and he is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.  Defendant is sued in his official capacity.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. §§ 701-706.

6.      Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7.      This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

2

## BACKGROUND

8.      Eli M. Wallace, Joseph P. Lyssikatos, Allison L. Marlow, and T. Brian Hurley are inventors of U.S. Patent Application Serial Number 11/061,336 ("the '336 application") which issued on September 16, 2008, as the '637 patent, entitled *N3 Alkylated Benzimidazole Derivatives as MEK Inhibitors*.  A true and correct copy of the '637 patent is attached hereto as Exhibit A and incorporated herein by reference.

9.      As the assignee of the '637 patent, Array BioPharma is the real party in interest in this proceeding.

10.      Under 35 U.S.C. § 154, the Director of the PTO must grant a patent term adjustment in accordance with the provisions of § 154(b).  Specifically, 35 U.S.C. § 154(b)(3)(D) provides that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.      In calculating the patent term adjustment, the Director of the PTO is required to take into account PTO delays under 35 U.S.C. § 154(b)(1), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12.      Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph [(b)(3)] shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent.  Chapter 7 of title 5 shall apply to such action."

3

## CLAIM FOR RELIEF

13.     Plaintiff realleges and incorporates by reference the allegations in numbered paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.     The patent term adjustment for the '637 patent, as computed by the Director of the PTO under 35 U.S.C. § 154(b) in a final agency action and as indicated on the face of the '637 patent, is 382 days. See Ex. A at 1.  The Director's determination of the 382-day patent term adjustment is erroneous because the PTO failed to properly account for the period of time between the date that was three years after the actual filing date of the '336 application and the date on which a request for continued examination of the application under 35 U.S.C. § 132(b) was filed.  If this period were included in the computation, the correct patent term adjustment for the '637 patent would be 395 days.

15.     The '336 application was filed on February 18, 2005, and the '637 patent issued on September 16, 2008.

16.     Under 35 U.S.C. § 154(b)(1)(A), Plaintiff is entitled to an adjustment of the term of the '637 patent in the amount of 447 days ("A Delay"), due to failure by the PTO to mail an action under 35 U.S.C. § 132 not later than 14 months after the filing date of the '336 application.

17.     Under 35 U.S.C. §154(b)(1)(B), Plaintiff is entitled to an additional adjustment of the term of the '637 patent in the amount of 13 days ("B Delay"), which is the number of days beginning on the day after the date that is three years after the filing date of the application (i.e., February 19, 2008) and ending on the date the patent was issued (i.e., September 16, 2008), but

4

not including the number of days in the period beginning on the date on which a request for

continued examination of the application under 35 U.S.C. § 132(b) was filed (i.e., March 3,

2008) and ending on the date the patent was issued.

18.    The net patent term adjustment is determined as the sum of the "A Delay" and

the "B Delay," as defined above, subject to the limitations specified at 35 U.S.C. § 154(b)(2)(A)-

(C).

19.    35 U.S.C. §154(b)(2)(A) provides that "[t]o the extent that periods of delay

attributable to grounds specified in paragraph [(b)(1)] overlap, the period of any adjustment

granted under this subsection shall not exceed the actual number of days the issuance of the

patent was delayed." For the '637 patent, none of the A Delay period overlaps with the B Delay

period. Therefore, there is no period of overlap to be excluded from the calculation of the patent

term adjustment.

20.    The '637 patent is not subject to a disclaimer of term. Thus, the period of patent

term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

21.    The number of days attributable to applicant delay in the prosecution of the '336

application, as determined by the PTO under 35 U.S.C. § 154(b)(2)(C), is 65 days.

22.    Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and

(2) is the sum of the A Delay and the B Delay (447 + 13 = 460 days), reduced by the period of

applicant delay (65 days), for a net adjustment of 395 days.

23.    The Court, in Wyeth v. Dudas, Civ. Action No. 1:07-cv-01492-JR, recently issued

an opinion explaining the proper method for calculating patent term adjustments under 35 U.S.C.

\\\DC - 080248/000103 - 2873726 v1

§ 154(b).  See Wyeth v. Dudas, 580 F.Supp.2d 138 (D.D.C. 2008), a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference.  In accord with this Court's Wyeth decision, the patent term adjustment for the '637 patent is properly determined to be 395 days, according to the calculation set forth above.

24.    Defendant's determination that the '637 patent is entitled to only 382 days of patent term adjustment for the '637 patent is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority, or limitation.

25.    On November 14, 2008, Plaintiff filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(d) ("Request for Reconsideration") for the '637 patent, requesting that it be granted a corrected final patent term adjustment of 395 days. The Request for Reconsideration still is pending before the PTO.

6

WHEREFORE, Plaintiff Array BioPharma Inc. respectfully prays that this Court:

A.      Issue an order changing the period of patent term adjustment for the '637 patent term from 382 to 395 days and requiring Defendant to extend the term of the '637 patent to reflect the 395-day patent term adjustment.

B.      Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated:  March 13, 2009                  Respectfully submitted,


                                        HOGAN & HARTSON, L.L.P.

                                        By _____
                                           Steven P. Hollman (Bar No. 375658)


                                        555 13th Street, N.W.
                                        Washington, D.C.  20004
                                        (202) 637-5672  (Telephone)
                                        (202) 637-5910 (Fax)
                                        sphollman@hhlaw.com

                                        Attorneys for Plaintiff
                                        Array BioPharma Inc.

Dated:  March 13, 2009

7